ACE CHEMICAL CORPORATION v. ATOMIC PAINT
COMPANY, INC.

No. 7626SC425

(Filed 20 October 1976)

1. Contracts § 27; Uniform Commercial Code § 20— contract for sale of
acetone — acceptance of acetone — revocation of acceptance — suffi-
ciency of evidence

　　In an action to recover a sum due upon a contract whereby plain-
tiff sold acetone to defendant, the trial court did not err in failing
to submit to the jury an issue as to whether defendant accepted the
goods, and, if so, whether defendant revoked its acceptance of the
goods, since all the evidence established that defendant took posses-
sion of the acetone and used it in manufacturing its finishing prod-
ucts, thereby making it clear that: (1) defendant accepted the goods
because such use of the goods was an act inconsistent with the seller's
ownership; and (2) defendant could not have revoked his acceptance
of the goods because such a use created a substantial change in con-
dition of the goods.

2. Contracts § 29; Uniform Commercial Code § 20— contract breached —
breach of warranty not considered in determining damages

　　In an action to recover a sum due upon a contract for the sale
of acetone to defendant where plaintiff claimed that the contract was
for "reclaimed acetone" but defendant claimed it was for "virgin
acetone," defendant could not have been prejudiced by any error in
the court's failure to instruct that if the jury found that the contract
was for virgin acetone then defendant would be entitled, as an offset
to plaintiff's claim, the difference between the value of the goods
accepted and the value they would have had if they had been as war-
ranted, since the issue of defendant's damages for breach of warranty
was not reached because the jury determined that the defendant did
not give notification to the seller of the breach.

3. Contracts § 29— breach — instruction on damages proper

　　In an action to recover a sum due on a contract for the sale of
acetone, the trial court properly instructed the jury on the amount of
damages.

APPEAL by defendant from *Lewis, Judge*. Judgment entered
9 December 1975 in Superior Court, MECKLENBURG County.
Heard in Court of Appeals 23 September 1976.

　　This is a civil action wherein the plaintiff, Ace Chemical
Corp., seeks to recover $8,716 from the defendant, Atomic
Paint Co., Inc., due upon a contract whereby plaintiff sold de-
fendant 43,580 pounds of "acetone." Defendant counterclaimed

for breach of warranty. At a trial before a jury plaintiff offered evidence tending to show the following:

On 5 June 1974 plaintiff, acting through its Vice-President Fred Lewis Cormack, contracted with defendant, acting through its President Melvin Mingle, to sell it a tank truck of reclaimed acetone at $.20 per pound, and pursuant to the contract delivered 43,580 pounds of reclaimed acetone to defendant on 7 June 1974. Plaintiff mailed to defendant on 17 June 1974 an invoice for 43,580 pounds of "reclaimed acetone." After the acetone was delivered to defendant, Cormack met with Mingle on several occasions, and Mingle never complained about the quality of the acetone. Mingle did state on one occasion that he could not pay for the acetone because one of his larger customers had gone bankrupt and on another occasion because his money was tied up in stock.

Defendant offered evidence tending to show the following:

In its manufacturing of finishing materials such as stains, glazes and lacquers, defendant uses virgin acetone and has no use for reclaimed acetone. Defendant contracted with plaintiff for a tank truck of virgin acetone at a price of $.20 per pound. When the acetone was delivered to defendant, its quality control manager visually inspected a sample of the acetone, but did not discover that it was reclaimed acetone because it was identical in appearance to virgin acetone.

Later in June defendant received an invoice from plaintiff for 43,580 pounds of "reclaimed acetone." Mingle called Cormack to inquire as to whether plaintiff had delivered reclaimed or virgin acetone but was unable to reach him. Cormack did not return the call, as requested by Mingle, and Mingle made no further attempts to contact Cormack at that time. Mingle did inform Cormack in August that he did not intend to pay the contract price for the reclaimed acetone that was delivered. Defendant used the reclaimed acetone delivered by plaintiff in the manufacturing of its products.

Virgin acetone is 99.5 percent pure acetone, whereas reclaimed acetone has more than one-half percent unidentifiable properties in it. At the time of delivery the market price of virgin acetone was $.11 to $.15 per pound and the market price of reclaimed acetone was $.09 to $.10 per pound.

By issues submitted to the jury it was determined that the contract was for virgin acetone, but that defendant did not

notify the plaintiff that the goods did not conform to the contract within a reasonable time after discovery of the non-formity. From a judgment that plaintiff recover from defendant $8,716, defendant appealed.

*Fairley, Hamrick, Monteith & Cobb by S. Dean Hamrick for plaintiff appellee.*

*G. C. Simmons III for defendant appellant.*

HEDRICK, Judge.

**[1]** Defendant contends the court erred in not submitting to the jury an issue as to whether the defendant accepted the goods, and if it did, whether the defendant revoked its acceptance of the goods. G.S. 25-2-606(1)(c) provides, "Acceptance of the goods occurs when the buyer does any act inconsistent with the seller's ownership. . . ." G.S. 25-2-608(2) provides, "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defect. . . ." All the evidence establishes that defendant took possession of the ace-tone and used it in manufacturing its finishing products. It is clear the defendant accepted the goods because such a use of the goods was an "act inconsistent with the seller's ownership." It is equally clear that the defendant could not have revoked his acceptance of the goods because such a use created a "substantial change in condition of the goods."

**[2]** Defendant next contends that the court erred in not instructing the jury that if it found that the contract was for virgin acetone then defendant would be entitled, pursuant to G.S. 25-2-714(2), as an offset to plaintiff's claim, the difference between the value of the goods accepted and the value they would have had if they had been as warranted. The court appears to have given an instruction in compliance with G.S. 25-2-714, but in any event, the defendant could not have been prejudiced by any error in the instruction complained of since the issue of defendant's damages for breach of warranty was not reached, because the jury determined that the defendant did not give notification to the seller of the breach, as provided by G.S. 25-2-607(3)(a).

**[3]** Defendant finally contends that the court erred in instructing the jury to answer the issue of damages in the amount of

$8,716 if it determined that defendant did not notify seller of the nonconformity within a reasonable time after it discovered or should have discovered the nonconformity. Both plaintiff and defendant offered evidence showing that the contract amount was 43,580 pounds, and that the price per pound was $.20. When defendant accepted the goods, he became liable for the goods at the contract rate. G.S. 25-2-607(1). The court properly instructed the jury on the amount of damages.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.